# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:18-cv-07864-SJO-KES | Date: May 29, 2019 |

Title: LOYD TUCKER v. LOS ANGELES COUNTY, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Denise Vo | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** Order to Show Cause Why Defendants Sanchez, Edgard, and Alanis Should Not Be Dismissed

Pro se Plaintiff Loyd Tucker ("Plaintiff") has sued Defendant Los Angeles County (the "County") and sixteen individual Defendants (the "Social Worker Defendants") who work for the County's Department of Children and Family Services ("DCFS"). This action was removed from the Los Angeles County Superior Court by Defendants pursuant to 28 U.S.C. §§ 1141(b)-(c), 1331. (Dkt. 1 [Notice of Removal].) On May 28, 2019, Plaintiff filed his Second Amended Complaint ("SAC"), naming these seventeen Defendants. (Dkt. 30.)

The County and the following Social Worker Defendants have appeared in this action: (1) April Evans, (2) Charity Ellsworth, (3) Margret Vallejo, (4) Jennifer Monjack, (5) Gloria Olivo, (6) Danielle Libby, (7) Jonathan Willey, (8) Lisa Whitecrow, (9) Nancy Brayden, (10) Jason Baker, (11) Juan Gomez, (12) Stephanie Hernandez, and (13) Denise Castillo. The following Social Worker Defendants have **not** appeared in this action: (1) Nelson Sanchez, (2) Ofelya Edgard, and (3) Nayeli Alanis.

In its initial Case Management Order, issued September 14, 2018, the Court instructed Plaintiff: "It appears that some Defendants were served prior to removal but that Defendants Edgard and Sanchez have not yet been served. Plaintiff is required to serve all of the Defendants with process as set forth in Federal Rule of Civil Procedure 4. Failure to timely serve Defendants Edgard and Sanchez may result in their dismissal from this action." (Dkt. 8 at 2.) (Defendant

Alanis was later added in the First Amended Complaint, filed on February 26, 2019, Dkt. 19.)

Rule 4(m) provides as follows: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). A pro se plaintiff's ignorance of the service rules may justify a discretionary extension of the 90-day time limit to effect service, even if such ignorance does not constitute "good cause" within the meaning of Federal Rule of Civil Procedure 4(m). See Efaw v. Williams, 473 F.3d 1038, 1040-41 (9th Cir. 2007) (holding that Rule 4(m) requires a district court to extend the time for service where a plaintiff shows good cause and permits the court to do so even in the absence of good cause, considering factors such as a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service).

Filing an amended complaint does not restart or otherwise toll the 90-day service period. Kinney v. Three Arch Bay Community Services District, 2017 WL 2992744, at *1 (C.D. Cal. May 22, 2017) (citing Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006)); Stephens v. St. Francis Med. Ctr., WL 3614420, at *4 (C.D. Cal. Aug. 22, 2017) (explaining that the deadline to serve defendants was 90 days after the filing of the complaint in which they were initially named). Therefore, Plaintiff should have served Defendants Sanchez and Edgard by mid-December 2018. Plaintiff should have served Defendant Alanis before May 27, 2019 (i.e., 90 days from February 26, 2019).

Plaintiff is therefore ordered to show cause, in writing, why Defendants Sanchez, Edgard, and Alanis should not be dismissed from this action for failure to serve. To discharge this Order, Plaintiff shall file a notice **on or before June 27, 2019**, explaining: (1) the efforts he has undertaken to serve these Defendants, and (2) if Plaintiff has not served these Defendants, then whether he has good cause or any other justification for failing to do so. If Plaintiff has any service efforts underway, then he should bear in mind that the outstanding Defendants should be served with a copy of the operative SAC, rather than the initial Complaint or the First Amended Complaint. Alternatively, Plaintiff may voluntarily dismiss these three Defendants.