Note changes made by the Court.

**JILL WILLIAMS** – State Bar No. 221793
**DANIELLE C. FOSTER** – State Bar No. 281385
**CARPENTER, ROTHANS & DUMONT**
500 S. Grand Avenue, 19th Floor
Los Angeles, CA  90071
(213) 228-0400 / (213) 228-0401 (fax)
jwilliams@crdlaw.com / dfoster@crdlaw.com
Attorneys for Defendants County of Los Angeles, April Evans, Charity Ellsworth, Ofelya Edgard, Margret Vallejo, Jennifer Monjack, Gloria Olivo, Danielle Libby, Johnathan Willey, Lisa Whitecrow, Nancy Brayden, Jason Baker, Juan Gomez, Denise Castillo, and Stephanie Hernandez

**LOYD TUCKER**
304 Roddy Lane
Harriman, TN 37748
(760) 885-0634
tuckerloyd@hotmail.com
Plaintiff, in *Pro Se*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. LOYD TUCKER, An Individual, And ROES 1-10, Inclusive,<br><br>　　　　Plaintiff(s),<br><br>vs.<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, A PUBLIC ENTITY, MS. APRIL EVANS: AN INDIVIDUAL, CHARITY ELLSWORTH, AN INDIVIDUAL; OFELYA EDGARD, AN INDIVIDUAL, MARGRET VALLEJO, AN INDIVIDUAL; JINNIFER MONJACK, AN INDIVIDUAL, GLORIA OLIVO, AN INDIVIDUAL; DANIELLE LIBBY, AN INDIVIDUAL; JONATHAN WILLEY, AN INDIVIDUAL, LISA WHITECROW, AN INDIVIDUAL; NANCY BRAYDEN, AN INDIVIDUAL. NELSON SANCHEZ, AN INDIVIDUAL; JASON BAKER, AN INDIVIDUAL, JUAN GOMEZ, AN INDIVIDUAL, Stephanie Hernandez, AN INDIVIDUAL, Denise Castillo, AN INDIVIDUAL, Neyeli Alanis, AN INDIVIDUAL, And DOES 1-100 Inclusive,<br><br>　　　　Defendant(s). | Case No.: 2:18−cv−07864−SJO−KES<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER**<br><br>Discovery Cut-Off: January 27, 2020<br>Final Pre-Trial Conf.:  Not set Trial: Not set<br><br>**U.S. Magistrate Judge<br>Hon. Karen E. Scott** |

- 1 -
STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED, by and among the parties hereto, as follows:

1. This lawsuit arises out of juvenile dependency proceedings initiated in August 2016 by the Los Angeles County Department of Children and Family Services ("DCFS"), wherein Plaintiff Loyd Tucker's children were temporarily removed from his custody pursuant to California Welfare & Institutions Code § 300.

2. Because the juvenile court dependency proceedings (Los Angeles Superior Court Case Nos. CK68512 and CK68513) form the basis of this lawsuit, the parties to this civil action, in preparation of their respective cases and discovery, need to exchange information and documents contained within the juvenile case files in the underlying juvenile dependency action.

3. California Welfare & Institutions Code section 827 provides that juvenile case files are "confidential." Given the confidential nature of juvenile case files, Welfare & Institutions Code section 827 strictly limits the inspection and release of such files, as well as "any portion thereof" and any "information relating to the content of the juvenile case file." Cal. Wel. & Inst. Code § 827(a)(4). To that end, Section 827 enumerates a list of limited persons who are authorized inspect a juvenile case file without a court order (Id., subd. (a)(1)(A)-(P)), and in turn provides that authorized person may not disclose information from the juvenile file to an unauthorized person without a court order. Id., subd. (a)(4). Persons not enumerated in the statute may only inspect such files "by court order of the judge of the juvenile court upon filing a petition." Id., subd. (a)(1)(Q). Rule 5.552 of the California Rules of Court and Rule 7. 2 of the Los Angeles Superior Court set forth the petition procedure.

4. The defendants have followed the petition procedure set forth in Rule 5.552 of the California Rules of Court and Rule 7. 2 of the Los Angeles Superior Court. Defendants' petitions were filed in Los Angeles Superior Court Juvenile Division in December 2018. On September 4, 2019, the Los Angeles Superior

Court Juvenile Division issued an order granting those petitions. On October 18, 2019, defense counsel received a copy of that court order and part of the juvenile case files (court records) from the Los Angeles Superior Court Juvenile Division, with a notice from the court stating that the other part of the juvenile case files (DCFS records) "are still pending." As of today's date, defense counsel has not yet received the DCFS records portion of the juvenile case files, but expects to receive that portion of the files within the next few months.

5. During the course of the underlying juvenile court dependency proceedings, Plaintiff Loyd Tucker came into possession of certain documents that are confidential in that they would otherwise be contained within the juvenile case files.

6. Given the confidential nature of juvenile case files and in order to facilitate discovery and exchange of the juvenile case files in Los Angeles Superior Court Case Nos. CK68512 and CK68513 (hereinafter referred to as "Protected Documents"), the parties hereby stipulate and agree that the production of the Protected Documents will be governed by the following protective order.

## **PROTECTIVE ORDER**

The Protected Documents shall be subject to this Protective Order as follows:

1. The Protected Documents, or any portion thereof, produced by the parties will be clearly designated as "CONFIDENTIAL." The "CONFIDENTIAL" designation shall be placed on each of the pages of the Protected Documents in a manner that does not overwrite or make illegible the text of the documents.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this Protective Order.

1    3.   The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

   (a)   Counsel of record for the parties to this civil litigation;

   (b)   Defendant County of Los Angeles and its employees;

   (c)   Plaintiff Loyd Tucker;

   (d)   Paralegal, stenographic, clerical and secretarial personnel regularly employed by Plaintiff or counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

   (e)   Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

   4.   With the exception of the Court and court personnel (who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal), all persons receiving a copy of the Protected Documents shall, before receiving such protected information, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney or party who gives him/her the protected information.  It shall be the responsibility of the respective attorneys and parties to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements.

   4.   The Protected Documents may be disclosed to the Court and court personnel, in connection with this litigation.  Portions of the Protected Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5.  A party intending to use documents from Protected Documents must both (a) apply to submit unredacted documents containing any portion of the Protected Documents under

seal and (b) file public versions of the same documents with the information from the Protected Documents redacted.

5. ~~In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.~~ This order does not apply to trial.

6. The court reporter, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter, which include the Protected Documents or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the court.

7. Those attending any future deposition(s) shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any documents from the Protected Documents made by such person during the course of said depositions.

8. At any future deposition(s), should there be persons in attendance who are not authorized to access to the Protected Documents or information, such persons shall be removed from the deposition room at any time information relating to the Protected Documents or protected information is disclosed or discussed.

9. The Protected Documents shall be used solely in connection with the preparation and trial of is action, entitled <u>Loyd Tucker v. County of Los Angeles,</u> et al., bearing case number 2:18−cv−07864−SJO−KES, or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

10. This Order may not be modified unless by written consent of the parties and approval of the Court. Any party may move for a modification of this Order at any time. Upon receipt and review of the Protected Documents produced

pursuant to this Protective Order, any party may move to remove the confidential designation of any document after meeting and conferring with opposing counsel and pursuant to the procedures governing discovery motions set forth in Central District of California Local Rule 37.

11. This Order is made for the purpose of ensuring that the Protected Documents will remain confidential, unless otherwise ordered by the Court or in response to a successful motion by a party made pursuant to Paragraph 10.

12. At the conclusion of this litigation, the parties and every other person and/or entity ^(except the Court) who received originals or copies of the Protected Documents shall destroy all such material and material derived therefrom within 30 calendar days after the conclusion of this case. Additionally, within thirty 30 calendar days after the conclusion of this case, the parties shall exchange signed declarations stating that such material has been destroyed pursuant to this Protective Order.

*** End of Protective Order ***

IT IS SO STIPULATED.

DATED: November 21, 2019

By: _____
LOYD TUCKER
Plaintiff in *Pro Se*

DATED: November 25, 2019

CARPENTER, ROTHANS & DUMONT

By: _____
JILL WILLIAMS
DANIELLE C. FOSTER
Attorneys for Defendants County of Los Angeles, April Evans, Charity Ellsworth, Ofelya Edgard, Margret Vallejo, Jennifer Monjack, Gloria Olivo, Danielle Libby,

| | |
|---|---|
| 1 | Johnathan Willey, Lisa Whitecrow, Nancy Brayden, and Jason Baker |
| 2 | |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: December 6, 2019

*Karen E. Scott*

Hon. Karen E. Scott
United States Magistrate Judge

# EXHIBIT "A"
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of [insert case name], bearing case number [insert case number].

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 500 S. Grand Avenue, 19th Floor, Los Angeles, California 90071.

On November 25, 2019, I served the foregoing document(s) described as:

## STIPULATED PROTECTIVE ORDER

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

Loyd Tucker
304 Roddy Lane
Harriman, TN 37748

**BY MAIL**
__X__ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

Executed on November 25, 2019, at Los Angeles, California.

**FEDERAL**
__X__ I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

___Susana Guzman___                    _____
                                          (Signature)